IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2151-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WALTER WOODEN, | ) | |
|     Respondent. | ) | |

This matter is before the Court on the Government's Motion to Stay [DE 71] this Court's August 31, 2011 Order dismissing the above-captioned case. For the reasons set forth herein, the Government's Motion to Stay is denied.

## I. INTRODUCTION

The Government initiated this case on July 15, 2010 by certifying with the Court that Respondent Walter Wooden ("Respondent" or "Mr. Wooden") was a "sexually dangerous person" within the meaning of The Adam Walsh Child Protection and Safety Act of 2006[1] (the "Act," or "the Adam Walsh Act"). The certification stayed Respondent's release from federal custody[2] pending a hearing to determine whether Respondent qualified for

---

[1] Pub. L. No. 109-248, 120 Stat. 587 (2006)(codified as amended in scattered sections of 10, 18, 21, 28, and 42 U.S.C.).

[2] At the time of his certification under the Adam Walsh Act, Respondent was in the custody of the Bureau of Prisons at the Federal Correctional Institution, Butner, North Carolina, serving a sentence of incarceration based on a revocation of parole for convictions of Taking Indecent Liberties With a Minor Child (D.C. Code § 22-3501(a) (1983)), Sodomy (D.C. Code § 22-3502 (1983)), and Enticing a Child (D.C. Code § 22-3501(b) (1983)) [DE 1].

commitment as a sexually dangerous person.

The Court conducted a two-day evidentiary hearing in this matter beginning on July 11, 2011. On July 19, 2011, the Court directed the parties to submit proposed findings of fact and conclusions of law [DE 58]. After considering the testimony at the evidentiary hearing, the evidentiary record, and the parties' submissions, the Court entered a written Order of findings of fact and conclusions of law [DE 68]. In the Order, the Court held that:

> (1) Respondent was deprived of equal protection of the law under the Fourteenth and Fifth Amendments to the United States Constitution;
>
> (2) Respondent was deprived of his due process rights under the Fifth Amendment to the United States Constitution because the Government failed to bring Mr. Wooden before the Court for a final commitment hearing within a reasonable time prior to the expiration of his sentence; and
>
> (3) the Government failed to establish by clear and convincing evidence that Mr. Wooden was sexually dangerous to others as required by the Act and by the Constitution.

Order [DE 68] at 43-44, *United States of America v. Walter Wooden*, No. 5:10-HC-2151-BO (E.D.N.C. Aug. 31, 2011).

By a Motion [DE 71] filed September 8, 2011, the Government requested that the Court stay the effectuation of the August 31, 2011 Order pending appeal. The Motion to Stay is denied.

## II. DISCUSSION

Courts balance four factors to determine whether to grant a stay pending appeal: "(1) whether the stay applicant has made a

2

strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

With regard to the first factor, the Court finds that the Government has not made a strong showing that it is likely to succeed on the merits. The "strong showing" required to compel this Court to indefinitely stay its Order pending appeal "is more stringent that the 'reasonable probability' standard that is applicable to a preliminary injunction." *Davis v. Meyers*, 101 F.R.D. 67, 69 (D. Nev. 1984). The Government's Motion falls short of the necessary showing. The Government's Motion, in essence, recapitulates the Government's arguments that have been considered and rejected by this Court. The arguments raised in the Government's Motion do not undermine the three distinct and independently sufficient rationales that the Court articulated as grounds for dismissing this case. The Court reaffirms its Order of August 31, 2011, and for the reasons outlined in the Order, the Court now holds that the Government is not likely to succeed on appeal.

With regard to the second factor, the United States asserts that "[i]f Wooden is released, and he commits another offense, there will plainly be irreparable injury to his victim(s), their

3

community, and the interests of the United States in protecting vulnerable citizens." (Pet.'s Mem. In Supp. Mot. To Stay, 17-18.) The Government's conjecture, although admittedly troubling, is unlikely to materialize.

The Court found that Mr. Wooden's last act of child molestation occurred in 1983, and that Mr. Wooden was in the community for three years between 2002 and 2005 without committing a sex offense. Order [DE 68] at 32, *United States v. Walter Wooden*, No. 5:10-HC-2151-BO (E.D.N.C. Aug. 31, 2011). Furthermore, Mr. Wooden has exercised restraint during his recent incarceration, unlike others housed in his same unit who continue viewing and creating child pornography. *Id.* at 45.

To be sure, it is certainly *possible* that Mr. Wooden might harm another individual in the future. But showing only some "possibility of irreparable injury," *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998), fails to satisfy the second *Hilton* factor. The "'possibility' standard is too lenient." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2009).

As to the third factor, the Court finds that a stay will harm the Respondent. Mr. Wooden has already waited nearly a year from his expected release date for a resolution of his civil commitment case, and his continued incarceration is unacceptable under the laws and the constitutional protections afforded all citizens.

Over a period of two days, counsel for both sides in this case

4

thoroughly marshaled a capacious body of evidence. The Court has carefully considered the evidence in light of the relevant legal principles and concluded that Mr. Wooden is not committable under the Adam Walsh Act. With the issue so thoroughly examined and now resolved in Mr. Wooden's favor, Mr. Wooden's continued detention only weakens the foundations of liberty and justice on which our Republic stands.

With regard to the fourth factor, the Court finds that the public interest lies in effectuating the August 31, 2011 Order. To be sure, there is a "great public interest in monitoring predatory offenders." *Doe v. LaDue*, 514 F. Supp. 2d 1131, 1138 (D. Minn. 2007). However, "there is an equally strong public interest in preserving constitutional rights." *Id*. And, as the *LaDue* Court held, where the Government has the means to monitor offenders "without jeopardizing constitutional rights . . . the greater public interest" is in protection of the constitutional rights. *Id*.

Because the government has failed to establish a proper basis for continuing to deprive Mr. Wooden of his liberty, the fourth *Hilton* factor-like each of the other factors-weighs in favor of denying the stay.

### III. CONCLUSION

For the foregoing reasons, after careful consideration of the *Hilton* factors and of the parties' arguments, the Court finds that a stay of Respondent's release pending the appellate process is not

warranted. The Government's Motion to Stay is **DENIED**. The Government is **ORDERED** to place the Respondent, Walter Wooden, into the custody of the appropriate post-sentence supervision forthwith.

**DONE AND ORDERED**, this the 9 day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE